UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK N.A.,

      Plaintiff,

v.                                      Case No:   6:13-cv-1765-Orl-31TBS

JRG HOLDINGS, INC., ROBERT F.
DALY and MOUNT THIS FISH
COMPANY,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Plaintiff's Motion for Default Judgment (Doc 31).

Upon due consideration I respectfully recommend that the motion be GRANTED.

## I. Background

      In 2006, Indian River National Bank, which was at the time independent but has

since merged with Plaintiff PNC Bank (see Doc. 1-5 at 9-15), issued a $476,000 loan to

Defendant JRG Holdings ("JRG"), secured in part by a mortgage on commercial real

estate in Rockledge, Florida, and guaranteed by JRG's president, Robert F. Daly (Doc. 1,

¶ 12).[1]   JRG and Daly defaulted on the promissory note and guaranty when they failed to

make the April 2013 installment payment (Doc. 1, ¶ 13).   Plaintiff accelerated the loan

and demanded payment; when it was not forthcoming, Plaintiff brought this action against

JRG, Daly, and "Unknown Tenants in Possession" (Doc. 1, ¶ 14).   The complaint

includes counts for: breach of promissory note (Count I), breach of guaranty (Count II),

and foreclosure (Count III) (Doc. 1, ¶¶ 20-29).

_____

[1] The Commercial Security Agreement executed by Indian River and JRG also Indian River a
security interest in certain personal property (Doc. 1-4).

Plaintiff initially had difficulty locating Daly, who is also JRG's registered agent, but eventually managed to serve him and JRG with process on June 19, 2014 at an address in Melbourne Beach, Florida (Docs. 10, 14, 15).   Daly and JRG did not respond and the Clerk entered their defaults on July 24, 2014 (Docs. 18, 19).   On September 16, 2014, Plaintiff served process on the unknown tenant in possession of the mortgaged premises, now identified as Mount This Fish Company (Docs. 25-26).   On October 27, the Court granted Plaintiff's motion to substitute Mount This Fish Company in the place of Unknown Tenant in Possession (Docs. 27-28).   Like Daly and JRG, Mount This Fish Company did not respond to the complaint and on October 30, 2014, the Clerk entered its default (Doc. 30).

On March 24, 2015, Plaintiff filed the pending motion for default judgment, along with an affidavit by its asset manager stating the amount owed on the note and guaranty and an affidavit by one of Plaintiff's attorneys stating the amount of fees incurred to prosecute this action (Doc. 31).   Plaintiff states that as of March 9, 2015, JRG and Daly owe $441,827.57 on the note and guaranty, a sum which includes $407,669.07 in principal; $26,295.50 in interest, which continues to accrue at the rate of $38.28 per day; $6,000 for appraisals; $1,734 for a Phase I environmental report; and $129.00 for a property search (Doc. 31, ¶ 6; Doc. 31-1).   Plaintiff also seeks $3,446 in attorney's fees based upon 18.4 hours of attorney time at the rate of $175 per hour and 4.2 hours of paralegal time at the rate of $90 per hour (Doc. 31, ¶ 45-49; Doc. 31-2).

## II. Discussion

As an initial matter, I find entry of the defaults by the Clerk was proper.   The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner...."   Kelly v.

<u>Florida</u>, 233 Fed. Appx. 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).   Daly was
served on June 19, 2014 in accordance with FED. R. CIV. P. 4(e)(2)(A), which provides
that an individual may be served by personally delivering a copy of the summons and
complaint to the individual in the United States (Doc. 14).   On the same date, Defendant
JRG was served through Daly, its registered agent (Doc. 15).   <u>See</u> FED. R. CIV. P.
4(h)(1)(B).   Defendant Mount This Fish Company was served through Cody Moist, who
is identified as a "Manager" and a person authorized to accept service for Mount This
Fish, on September 16, 2014 (Doc. 26).   <u>See</u> FED. R. CIV. P. 4(h)(1)(B).

Pursuant to Rule 12(a)(1), Daly and JRG were required to respond to the
complaint within twenty-one (21) days from the date of service–in other words, by July 10,
2014.   Defendant Mount This Fish Company was required to respond to the complaint by
October 7, 2014.   All Defendants failed to respond within the required time and have
otherwise failed to appear in this action.   Thus, the Clerk properly entered the default of
each Defendant (Docs. 18, 19, 30).

I also find that the Servicemembers Civil Relief Act does not prevent entry of
default judgment against Defendant Daly.   In his declaration attached to the return of
service, the process server declares that Daly was questioned and said he was not in
military service of the United States (Doc. 14).   This declaration satisfies the SCRA's
affidavit requirement.   <u>See</u> 50 U.S.C. appx. § 521(b)(1)(A), (c).

The entry of default by the clerk does not require the Court to enter a default
judgment.   <u>DIRECTV, Inc. v. Trawick</u>, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).
Before judgment can be entered pursuant to FED. R. CIV. P. 55(b), there must be a
sufficient basis in the pleadings to support the relief sought.   <u>Id.</u>   "The defendant is not
held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ...

a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

To prevail in a foreclosure action, the plaintiff must establish that it owns and holds both the mortgage and note and that the defendant failed to pay the note in accordance with its terms.   Here, Plaintiff has alleged, and Defendants have admitted by virtue of their default, that Plaintiff owns and holds the mortgage and note and that the borrower, JRG, defaulted on the note by failing to make required payments (Doc. 1, ¶¶ 12-14, 19). Plaintiff has also pled, and Defendants have admitted by virtue of their default, that Daly defaulted on the guarantee when, after JRG defaulted on the note, Daly refused to pay despite Plaintiff's demand that he do so (Id., ¶ 14).   Thus, Plaintiff has also shown that Daly defaulted on the guaranty.   Lastly, Plaintiff has alleged, and Mount The Fish has not denied, that Plaintiff's interest in the mortgaged property is superior to that of Mount The Fish (Id., ¶ 29).

Plaintiff has shown by affidavit the amounts due on the note and guaranty, and the amount of attorney's fees claimed (Doc. 31, ¶¶ 6, 45-49; Doc. 31-1; Doc. 31-2). Although Plaintiff has not itemized the hours spent on the case, the fees are presumptively reasonable since they do not exceed 3 percent of the outstanding principal at the time the case was filed.   FLA. STAT. § 702.065(2).   Under Florida law, these fees constitute liquidated damages and should be included in the judgment.   Id.

Although Plaintiff seeks default final judgment on all three counts of its complaint, I find it is appropriate to only enter judgment on the action for foreclosure (Count III).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Once the mortgaged property is sold, Plaintiff can return to Court for the entry of a deficiency judgment, if appropriate, on the note and guaranty.   Because this is an action on a negotiable instrument, I also recommend that the Court require to file the original of the promissory note for cancellation before any judgment is entered.   See FLA. STAT. § 702.015(4).

III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** Plaintiff PNC Bank's motion and **ORDER** Plaintiff to tender the original promissory note to the Court to be cancelled.   After the original note is tendered to the Court, I recommend that the Court **ENTER** a final decree of foreclosure in the amount of $441,827.57 plus an additional $38.28 per diem in interest for each day after March 9, 2015, in a form the Court finds appropriate.   Following the foreclosure sale Plaintiff may, if appropriate, seek a deficiency judgment against JRG and Daly.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 26, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record
      Any Unrepresented Parties