# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PNC BANK N.A.,**

      **Plaintiff,**

v.                                                           Case No:   6:13-cv-1765-Orl-31TBS

**JRG HOLDINGS, INC., ROBERT F. DALY and MOUNT THIS FISH COMPANY,**

      **Defendants.**

## FINAL JUDGMENT OF FORECLOSURE ON COUNT III

THIS CAUSE came before the Court, for consideration of the "PNC Bank, N.A.'s Motion for Final Default Judgment on Verified Complaint and Incorporated Memorandum of Law" (the "Default Judgment Motion") (Doc. 31), filed by PNC Bank, N.A., as successor-in-interest by merger to RBC Bank (USA) as successor-in-interest by merger to Indian River National Bank (the "Bank").

Pursuant to this Court's "Order" (Doc. 35), adopting the "Report and Recommendation" (Doc. 32), the Court granted the Default Judgment Motion as to Count III of the Bank's complaint, seeking foreclosure of real property and improvements located at 4280 U.S. Highway 1, Rockledge, Florida 32955 (the "Mortgaged Property").

In accordance with the Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED** as follows:

1.    On the basis of the matters alleged in the Complaint, and established by the Bank, the Bank is owed the total amount of $441,827.57, plus interest accrued since entry of the Report and Recommendation in the amount of $38.28 per diem, totaling $2,832.72 through May 22, 2015, for a total amount due and owing of $444,660.29 (the "Judgment Amount"), from JRG Holdings,

Inc., an Arizona corporation a/k/a JRG Holdings of Melbourne, Inc., and Robert F. Daly (the "Obligors").  The Judgment Amount will bear interest at the statutory rate provided for judgments from the date of entry of this Judgment.

2. With respect to Count III of the Complaint, the Bank is entitled to entry of this Judgment, in its favor and against the Obligors and Mount This Fish Company (the "Tenant"), and all persons claiming under, through or against them.  Specifically, the Bank is entitled to the entry of this Judgment foreclosing its interest in the Mortgaged Property, located in Brevard County, Florida, and more fully described in Exhibit "A" hereto.

3. Further, with respect to Count III of the Complaint, as of the date of this Judgment, the Bank shall hold a lien upon the Mortgaged Property for the total sum specified in Paragraph 1 herein.  The lien of the Bank is superior in dignity to any right, title, interest or claim of the Obligors, Tenant, and all persons, corporations, or other entities claiming by, through, or under them, and the Mortgaged Property will be sold free and clear of all claims.  The Bank's lien encumbers the Mortgaged Property located in Brevard County, Florida.

4. Pursuant to 28 U.S.C. §§ 2001 and 2002, the United States Marshal for the Middle District of Florida shall offer the Mortgaged Property for public sale to the highest and best bidder for cash, subject to certain other rights as set forth in this Judgment.  No further order or action shall be required to effectuate the sale of the Mortgaged Property.

5. Before taking physical possession of the Mortgaged Property, the United States Marshal or the Marshal's representative shall have free access to the premises during reasonable business hours.

6. The sale by public auction shall be held at the Brevard County Courthouse, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The United States Marshal shall promptly notify each of the following people of the date and time of the sale.

> John A. Anthony
> Allison C. Doucette
> Anthony & Partners, LLC
> 201 N. Franklin Street, Suite 2800
> Tampa, Florida 33602
>
> JRG Holdings, Inc.
> c/o Robert F. Daly, Registered Agent
> 1712 Atlantic Street, Unit 6F
> Melbourne Beach, Florida 32951
>
> Robert F. Daly
> 1712 Atlantic Street, Unit 6F
> Melbourne Beach, Florida 32951
>
> Mount This Fish Company
> 4280 S. U.S. Highway 1
> Rockledge, Florida 32955

7. The United States Marshal shall advertise the date and time of the sale by publishing a Notice of Marshal's Sale once a week for four consecutive weeks preceding the date fixed for the sale. The applicable advertisement shall appear in at least one newspaper regularly issued and of general circulation in Brevard County. The notice shall describe the Mortgaged Property and the terms and conditions of sale set forth in this order.

8. The following terms and conditions govern the sale of the Mortgaged Property.

   a. The sale is subject to any law, ordinance, and governmental regulation (including building and zoning ordinances) affecting the premises and any easement or restriction of record.

   b. The proceeds of sale shall be used to pay the unpaid balance of the Judgment, any outstanding real property tax affecting the Mortgaged Property.

    c.    On the date of the sale, the successful bidder must deposit with the United States Marshal, either by cashier's check or by cash deposit, a minimum of 10% of the amount bid on the date of the sale.

    d.    The successful bidder shall tender the balance of the purchase price to the United States Marshal within forty-eight (48) hours following the date of the sale. Payments shall be made by cashier's check payable to the United States Marshal for the Middle District of Florida. If a successful bidder fails to fulfill this requirement, the deposit is forfeited and applied to the expenses of the sale, with any remaining amount returned to the bidder, and the Mortgaged Property shall again be offered for sale under the terms and conditions set forth in this order.

    e.    The Bank may credit the bid amount the Bank is owed under the Judgment without tender of cash; however, if the Bank is the successful bidder, the Bank shall pay to the United States Marshal the expenses of the sale.

    f.    The sale of the Mortgaged Property is subject to confirmation by this Court, and upon confirmation and receipt of the full purchase price of such sale, and payment of any fees and costs owed to the United States Marshal Service, the United States Marshal shall execute and deliver a deed conveying the Mortgaged Property to the purchaser. The Bank shall be responsible for the fees and costs owed to the United States Marshal Service even if a third party purchases the Mortgaged Property.

    g.    The Mortgaged Property shall be sold free and clear of any lien or encumbrance except as otherwise provided above.

9. Upon confirmation of the sale of the Mortgaged Property, the United States Marshal shall ascertain the expenses of the sale, including any cost of publication and any expense of preservation, and shall pay these expenses out of the sale proceeds. The Marshal shall remit the balance of the sale proceeds to the Clerk of the Court with a statement of the Marshal's costs and expenses.

10. Within thirty (30) days after confirmation of the sale, the Bank shall certify the unpaid balance of the Bank's claim and file with the Clerk a statement providing notice of that balance. To the extent the proceeds of the sale allow, the Clerk shall distribute the amount of the unpaid mortgage balance plus interest and any expense incurred by the Bank to protect the Bank's interest in the Mortgaged Property. The remaining balance of the sale proceeds shall be held by the United States Marshal pending further order.

11. Finally, jurisdiction of this Action is retained to enter further orders that are proper including writs of possession, deficiency judgment against the Obligors, or any other judgment or order that is necessary or appropriate.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 28, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

EXHIBIT "A"

A parcel of land lying in Section 26, Township 25 South, Range 36 East, Brevard County, Florida, being more particularly described as follows:

Commence at a 5/8 inch iron rod with cap (stamped "LS #1812") which monuments the intersection of the West line of the Northeast 1/4 of said Section 26, with the Easterly Right-of-Way of the Florida East Coast Railway (a 100 foot wide Right-of-Way), thence North 18° 37'43" West, along said Easterly Right-of-Way line, a distance of 319.14 feet to the Point of Beginning, thence continue North 18° 37'43" West, along said Right-of-Way line, a distance of 110.18 feet, thence North 74° 43'06" East, a distance of 208.85 feet to a point on the Westerly Right-of-Way line of U.S. Highway No. 1, said point being on a 5646.65 foot radius curve to the right having a radial bearing of South 74° 43'06" West, thence Southerly along the arc of said curve and along said Westerly Right-of-Way line through a central angle of 01° 06'58" a distance of 110.00 feet, thence South 74° 42' 18" West, parallel with the second course of this description, a distance of 201.34 feet to the Point of Beginning.